## Case No. 17,736.

### WILLIAMS et al. v. The SEA GULL.

[1 Cin. Law Bul. 37.]

District Court, N. D. Ohio. 1876.

DISTRICT COURTS — TERRITORIAL JURISDICTION — SALES IN ADMIRALTY—ORDERS OUT OF TERM.

[1. The act of May 23, 1872 (17 Stat. 157), which directs that two terms of the district court for the Northern district of Ohio shall be held in each year at Toledo, and the rules of court, entered pursuant thereto, fixing the time of said terms, and directing that actions, suits, and proceedings, commenced at Toledo, should there be prosecuted to final judgment, execution, etc., operate to make the court, when sitting at Toledo, a distinct court from that which sits at Cleveland.]

[2. The court sitting at Cleveland would have no jurisdiction to perform a judicial act in respect to a cause pending in the court at Toledo, and the same could only be done at the next stated term at Toledo.]

[3. The purchaser of a vessel under an order of sale in admiralty, in a cause pending at Toledo, having previously purchased the libelant's decree, tendered to the marshal the amount of the costs and his receipt for the

damages of the decree in payment of his bid. This was refused by the marshal, whereupon the purchaser applied to the court then sitting at Cleveland for an order directing the marshal to accept the receipt or acquittance tendered, and make a conveyance of the vessel. *Held,* that such an order, made between terms of the court at Toledo, would be erroneous, and subject to be set aside at the instance of any party holding a lien or claim against the vessel which he should seek to enforce against her proceeds.]

[This was a libel by E. R. Williams and others against the schooner Sea Gull.] Motion to order conveyances and distribute proceeds.

WELKER, District Judge. A suit in admiralty was some time since commenced by process sued out of the clerk's office at Toledo, which, at the December term, 1875, resulted in a decree against the vessel, and an order that she be sold, and a writ of vendi. exponas was issued, and, as is the ordinary practice, the marshal commanded to pay the proceeds into court, there to remain until disposed of by the court by its order of distribution. The sale was duly made by the marshal, and the purchaser, who had become the purchaser and assignee of the libelant's decree, tendered to the marshal the amount of the costs, and his receipt for the damages of the decree in payment of his bid. This was refused by the marshal, for the reason that it would not enable him to comply with the command of his writ, and because the proceeds in the registry remain until they are distributed by an order of the court, subject to be applied to the satisfaction of the claims or liens other than the decree of the libelants, if any such claims are interposed while the fund remains in court. Thereupon the purchaser tendered in the district court of Cleveland his motion that the marshal be ordered to accept his receipt or acquitance of the decree so assigned to him, and to make to him a conveyance of the vessel so by him purchased. Substantially, the purchaser asks the district court, sitting at Cleveland, to make an order of the distribution of the proceeds of the sale of the vessel, during the vacation between the legal terms of the court at Toledo.

Has this court, now sitting at Cleveland, jurisdiction or power to make such an order? The act of congress, approved February 10, 1863 [12 Stat. 657], dividing the state of Ohio into two judicial districts, provided that the circuit and district courts of the United States for the Northern district should be held in the city of Cleveland. On the 23d of May, 1872, congress enacted the following statute: "That there shall be two terms of the United States district court for the Northern district of Ohio, held in the city of Toledo, Ohio, in each year from and after the passage of this act, the time and the length of the terms to be fixed by the judge of said court." In the execution of the power and duty thus imposed, the district judge, on the 20th of June, A. D. 1872, by a standing rule or order then made and

entered, prescribed or "fixed" the "time" of said terms to be on the second Tuesdays of June and December of each year, respectively; leaving the length of each term to be fixed at each term by adjournment. At the same time, by a like standing rule, the judge ordered "that the clerk of this court establish, and until the further order thereof, maintain, an office in the city of Toledo, in which may be commenced actions, proceedings, and suits in such cases as are by law cognizable in this court in the Northern district of Ohio, and that actions, proceedings, and suits so commenced in said city of Toledo be there continued and prosecuted to final judgment, decree, or order, and execution, in the same manner as they would be if commenced in the city of Cleveland." These rules and orders still remain in full force, a clerk's office has been established and maintained, and terms of the district court have accordingly been held at Toledo until the present time.

Held: 1. That this statute and these standing rules make the district court, when sitting at Toledo, a distinct court from the same court when sitting at Cleveland.

2. That, as the making of the order asked for in this case would be a judicial act, the court here has no power or jurisdiction to make it, and that it can only be done at the next stated term of the court at Toledo.

3. That the making of such an order out of term would be erroneous, and subject to be set aside at the instance of any party holding a lien or claim against the vessel, which he should seek to enforce by petition against the proceeds, at any time before such proceeds are distributed by an order of the court regularly and legally made.

4. That the standing order of the court respecting the commencement and prosecution of suits in the district court of Toledo will be strictly enforced.

The motion is refused.